SEITZ, Chief Judge,
concurring.
I agree with the majority that the bankruptcy court had jurisdiction to reopen this case to adjudicate the personal liability of the debtors. I also agree with the majority’s conclusions regarding the debtors’ estoppel claims. I write separately because I believe that the bankruptcy court has the power to grant injunctive as well as declaratory relief in this case. It is necessary to address this issue because the bankruptcy court will have to reach the question of an appropriate remedy if it finds on remand that part of the sum sought by the IRS consists of prepetition interest.
Sections 2(a)(2A), 2(a)(15), and 17(c) of the old Bankruptcy Act gave the bankruptcy court jurisdiction to adjudicate the dischargeability of a tax debt and to make all necessary orders in the exercise of this jurisdiction. I agree with the opinion of the United States Court of Appeals for the Eighth Circuit in Bostwick v. United States, 521 F.2d 741 (8th Cir. 1975), that these sections evidence congressional intent that the comprehensive statutory scheme governing bankruptcy overrides the general policy represented by the anti-injunction statute, 26 U.S.C.A. § 7421(a) (West 1980 Supp.) and that section. 7421(a) does not prohibit the bankruptcy court from granting injunctive relief in exercising its power *252 to determine questions of dischargeability. Therefore, I believe that the bankruptcy court has the power to grant injunctive relief in this case.