HENRY N. AND MARILYN HULTER, ET AL.,[1] PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3969–81, 23116–81,      Filed February 11, 1985.
36790–84, 40130–84.

*Shlomo A. Beilis* and *James J. Mahon,* for the petitioners.
*Robert J. Foley,* for the respondent.

---

[1]Cases of the following petitioners are consolidated herewith: Henry N. and Marilyn Hulter, docket No. 23116–81; Henry N. Hulter and Marilyn N. Hulter, docket No. 36790–84; David Bryan and Islerose Bryan, docket No. 40130–84.

OPINION

SWIFT, *Judge*: This matter is before the Court on petitioners' motion for summary judgment filed on November 13, 1984. A hearing on the motion was held on December 20, 1984, in Boston, Massachusetts. These consolidated cases concern Tudor Associates, Ltd. II, a partnership which was engaged in real estate investments in North Carolina (hereinafter sometimes referred to as the debtor), and the losses claimed by the limited partners on their Federal income tax returns as a result of their investments in the debtor. Trial of these consolidated cases began on January 14, 1985.

Although the precise date is not in the record, the debtor filed a petition in bankruptcy sometime during 1977. On June 14, 1979, the Bankruptcy Court of the U.S. District Court for the Eastern District of North Carolina entered an order with respect to claims asserted in the bankruptcy proceeding by the Internal Revenue Service for unpaid employment taxes of the debtor for the years 1976, 1977, and 1978. For the sake of completeness and due to its brevity, we set out the entire text of that order:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

In the Matter of:                                    Bankruptcy No.:

TUDOR ASSOCIATES, LTD., II,                          77–06–BK–4
A Nebraska Limited Partnership,
   Debtor

ORDER

THIS CAUSE coming on to be heard before the undersigned Bankruptcy Judge on the 31st day of October, 1978, at Raleigh, North Carolina, upon the objection by the Debtor to the claims of the Internal Revenue Service heretofore filed in this action; and it appearing that the Internal Revenue Service has appeared in this action and has filed claims against the Debtor as follows: (1) Claim #11, filed on the 23rd day of June, 1977, in the amount of $23,228.90, AMENDED; (2) Claim #13, filed on the 20th day of August, 1977, in the amount of $31,071.06, AMENDED; (3) Claim #27, filed on the 27th day of January, 1978, in the amount of $17,063.10; (4) Claim #48, filed on the 13th day of July, 1978, in the amount of $5,398.28; (5) Claim #49, filed on the 24th day of July, 1978, in the amount of $14,340.00; and it appearing, upon the representations of counsel, for the Debtor and for the Internal Revenue Service, that the parties have settled all matters of any

kind or nature in controversy and that the settlement is fair and reasonable and in the best interest of all creditors and other parties to this action and the partners of the Debtor; and it further appearing that such settlement represents an acknowledgement and payment by the Debtor for all withholding taxes, interest and other items due and payable to the Internal Revenue Service for the properties of the Debtor in Durham County, North Carolina, and a payment by the Debtor for all trust funds, withheld or otherwise due and payable by the Debtor on the Captain's Bridge property at Atlantic Beach, North Carolina; and for other good cause shown:

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

1. That the Debtor shall pay to the Internal Revenue Service the sum of $22,941.39, in full and final satisfaction of all claims due from the Debtor to the Internal Revenue Service.

2. That the payment herein shall fully discharge the Debtor, Tudor Associates, Ltd., II, and its partners of all obligation and liability to the Internal Revenue Service by reason of their ownership of the subject properties and the partners' ownership of their interest in the Tudor Associates, Ltd., II from the time of acquisition of the properties to date with the exception only of taxes due by reason of returns not yet filed.

This the 14th day of June, 1979.

(S) Thomas M. Moore
THOMAS M. MOORE, *Bankruptcy Judge*

CONSENTED TO:

(S) George M. Anderson
GEORGE M. ANDERSON
*United States Attorney*

(S) Trawick H. Stubbs, Jr.
TRAWICK H. STUBBS, JR.
*Attorney for Debtor*

The uncontested affidavits submitted by respondent in connection with the pending motion establish that the enumerated claims set forth in the above order of the Bankruptcy Court pertain only to unpaid employment taxes of the debtor.

The instant motion for summary judgment is based on petitioners' contention that numbered paragraphs 1 and 2 of the order of the Bankruptcy Court determined petitioners' Federal income tax liabilities with respect to their investments in the debtor (namely, that the order affirmed the treatment by the limited partners, including petitioners herein, for Federal income tax purposes of various losses claimed on their respective Federal income tax returns). Respondent replies with the following arguments: First, that the June 14,

1979, order on its face does not pertain to the Federal income tax liabilities of the limited partners; second, that the order, at the most, pertained only to the Federal employment tax liabilities of the responsible employees of the debtor; and third, that the Bankruptcy Court under the circumstances of that particular proceeding could not appropriately have exercised jurisdiction over the Federal income tax liabilities of the limited partners and that it did not do so.

Prior to discussing the terms of the specific order in question, we will discuss the general jurisdiction of a bankruptcy court to determine Federal tax disputes with respect to the tax liabilities of individuals or entities other than the debtor. The applicable provision of the Bankruptcy Act[2] that grants to bankruptcy courts the jurisdiction to determine Federal tax liabilities, provides that bankruptcy courts shall—

(2A) *Hear and determine,* or cause to be heard and determined, *any question arising as to* the amount or legality of any *unpaid tax,* whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, and in respect to any tax, whether or not paid, when any such question has been contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction and the time for appeal or review has not expired, to authorize the receiver or the trustee to prosecute such appeal or review. [11 U.S.C. sec. 11(a)(2A); emphasis added.]

The above provision does not address whether the jurisdiction of the bankruptcy courts is limited to a determination of the Federal tax liabilities of the debtor or whether that jurisdiction also would include a determination of the Federal tax liabilities of individuals or entities other than the debtor in bankruptcy.

Although it appears still to be an open question, several courts have held that bankruptcy courts do have limited jurisdiction under the above statute (or under the applicable bankruptcy statute in effect when the respective petitions in bankruptcy were filed) to decide Federal tax liabilities in nondebtors, but only where those tax liabilities directly affect the debtor or his property. *In re Richmond v. United States,* 456 F.2d 458 (3d Cir. 1972). See also *O'Dell v. United States,*

---

[2]11 U.S.C. sec. 11(a)(2A) (as amended by Pub. L. 89–496 (1966), and as in effect for petitions filed in bankruptcy courts prior to Oct. 1, 1979). Present code sec. 505 of the Bankruptcy Reform Act of 1978, 11 U.S.C. sec. 505, only added stylistic changes to sec. 11(a)(2A) of the Bankruptcy Act.

326 F.2d 451 (10th Cir. 1964); *In re Driscoll's Towing Service, Inc. v. United States*, 43 Bankr. 647 (Bankr. S.D. Fla. 1984, 84–2 USTC par. 9940); *In re Datair*, 37 Bankr. 690 (Bankr. N.D. Ill. 1983, 53 AFTR 2d 84–1442, 84–1 USTC par. 9276); *In re Jon Co.*, 30 Bankr. 831 (D. Colo. 1983); *In re H & R Ice Co.*, 24 Bankr. 28 (Bankr. W.D. Mo. 1982); *In re Major Dynamics, Inc.*, 14 Bankr. 969 (Bankr. S.D. Cal. 1981, 49 AFTR 2d 82–1065, 81–2 USTC par. 9766). Those courts also have stated that only where "it is impossible to administer completely the estate of the [debtor] without determining [the tax] controversy" of nondebtors, may the bankruptcy court assert such jurisdiction (*O'Dell v. United States*, 326 F.2d at 455; *In re Datair*, 37 Bankr. at 696, 53 AFTR 2d at 84–1446, 84–1 USTC par. 9276, at 83,586; *In re H & R Ice Co.*, 24 Bankr. at 31; see also W. Collier, Bankruptcy, par. 505.04, at 505–26, 505–27 (15th ed. 1979)). Further, the mere "potential interference with the debtor's rehabilitation is too speculative to justify" an assertion of jurisdiction over Federal tax liabilities of nondebtors. *In re Major Dynamics, Inc.*, 14 Bankr. at 972, 49 AFTR 2d at 82–1066, 84–1 USTC par. 9766, at 88,553.

In *In re Richmond, supra*, the Bankruptcy Court determined that it was inappropriate to exercise jurisdiction to determine the Federal income tax liability of the debtor's wife who was not a party to the bankruptcy proceeding. The court reasoned that because the debtor and his wife had filed a joint return, they were jointly and severally liable for the taxes due. Accordingly, the Internal Revenue Service could proceed against either or both, and, therefore, the wife's tax liability was separate and distinct from that of the debtor. The Bankruptcy Court declined to exercise jurisdiction to determine the wife's tax liability "where the only connection between the dispute and the bankruptcy proceeding [was] that the outcome of the third-party controversy will in some way affect the debtor." 456 F.2d at 463–464.

One court has suggested that, regardless of how necessary the determination of the tax liabilities of other parties may be to the complete administration of the debtor's assets, a debtor in a bankruptcy proceeding will not have standing to litigate the Federal tax liabilities of other taxpayers without the active participation in the bankruptcy proceeding of the other taxpayers. *United States v. Rayson Sports, Inc.*, 44 Bankr. 280

(N.D. Ill. 1984, 54 AFTR 2d 84–6434, 84–2 USTC par. 9968). After mentioning a number of the cases we have cited previously herein, the court in *Rayson Sports* commented as follows:

The fact that a corporation and [the other taxpayers] are entirely separate entities * * * seems to us dispositive of the standing issue; one entity simply cannot litigate the tax liabilities of the other. [54 AFTR 2d at 84–6435, 84–2 USTC par. 9968, at 85,964.][3]

Without deciding whether the Bankruptcy Court for the Eastern District of North Carolina would have had jurisdiction to determine the Federal income tax liabilities of the limited partners of Tudor Associates Ltd. II, and without deciding whether Tudor Associates Ltd. II would have had standing in the bankruptcy proceeding to litigate the Federal income tax liabilities of the limited partners, there is no indication herein that the Bankruptcy Court asserted jurisdiction over the Federal income tax liabilities of the limited partners who invested in Tudor Associates, Ltd. II. The order of the Bankruptcy Court enumerates specifically only the outstanding Federal employment tax liabilities of the debtor. No meaningful showing was made that that order constituted anything other than a mere consent order resulting from a settlement between representatives of the debtor and the Internal Revenue Service as to the amount of the unpaid employment taxes still owing by the debtor. Arguably, that order could be construed as a determination that the limited partners are not liable for the unpaid employment taxes of Tudor Associates, Ltd. II, but that question is not before us.

---

[3]Where injunctive relief is requested in a bankruptcy proceeding against the audit or assessment activities of the Internal Revenue Service (which injunctive relief was not requested in the bankruptcy proceeding in question herein), the courts that have addressed the issue have split on whether the provisions of the Federal bankruptcy statute override the provisions of the Anti-Injunction Act, sec. 7421, I.R.C. 1954 as amended. For cases holding that the bankruptcy provisions override, see *Bostwick v. United States*, 521 F.2d 741, 744 (8th Cir. 1975); *In re Jon Co.*, 30 Bankr. 831, 834–835 (D. Colo. 1983); *In re H & R Ice Co.*, 24 Bankr. 28 (Bankr. W.D. Mo. 1982). To the contrary, see *Matter of Becker's Motor Transp., Inc.*, 632 F.2d 242, 246 (3d Cir. 1980), cert. denied 450 U.S. 916 (1981); *In re Pressimone*, 39 Bankr. 240, 246 (Bankr. N.D. N.Y. 1984). In *Becker's Motor Transp., Inc.*, the Third Circuit stated—

"However persuasive the arguments against application of sec. 7421(a) to bankruptcy court adjudications may be, we believe that a bankruptcy court exemption cannot be judicially fashioned without contravening congressional intent. Although there may be some merit in permitting the policy behind the Bankruptcy Act to outweigh the rationale that underpins the anti-injunction legislation, such argument should be addressed to Congress. * * * [632 F.2d at 246.]"

The order certainly cannot be read as an adjudication of the limited partners' Federal income tax liabilities.

Furthermore, nothing in the record before us on this motion for summary judgment suggests that there would have been any justifiable reason for the Bankruptcy Court to determine the Federal income tax liabilities of the limited partners. There is no evidence to suggest that a failure to do so would have jeopardized the administration of the debtor's assets. There is no evidence to indicate that the Internal Revenue Service understood that the Bankruptcy Court was exercising jurisdiction over the Federal income tax liabilities of the individual limited partners, nor is there any evidence that the limited partners, themselves, understood that their individual Federal income tax liabilities were being determined by the Bankruptcy Court.

In light of the foregoing, petitioners' motion for summary judgment is denied.

*An appropriate order will be issued.*