**In re A & B HEATING AND AIR CONDITIONING, INC., Debtor.**

**UNITED STATES of America, Appellant,**

v.

**A & B HEATING AND AIR CONDITIONING, INC., Appellee.**

**No. 85–519–Civ–T–13.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 4, 1985.

See also 48 BR 401.

Marika Lancaster, Dept. of Justice, Washington, D.C., for the U.S.

Patti W. Massari, Tampa, Fla., for appellee.

### ORDER

GEORGE C. CARR, District Judge.

This cause comes before the Court on the appeal from the Bankruptcy Court filed by the United States. The Bankruptcy Court's decision to enjoin the government from assessing and collecting the taxes owed by Arthur Clement, Jr., pursuant to 26 U.S.C. § 6672 is reversed and the final judgment is VACATED.

The corporate debtor, A & B Heating and Air Conditioning, Inc., filed for protection under Chapter 11 of the Bankruptcy Code and sought an injunction from the Bankruptcy Court to prevent the Internal Reve-

---

nue Service from trying to collect the § 6672 taxes owed by its president, Arthur Clement, Jr. Mr. Clement is the sole stockholder of the corporation but he has not personally sought protection from the Bankruptcy Court. The IRS had assessed a penalty against Mr. Clement because he had failed to pay the corporation's taxes under the Federal Unemployment Tax Act (FUTA) and the employer's share of the Federal Insurance Contributions Act (FICA). In addition, the corporation had not paid the government the money withheld from employee's paychecks for federal income taxes and their share of the FICA tax. The parties agree that Mr. Clement, as president of the corporation, is liable for the taxes under § 6672 which provides in part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The Bankruptcy Court concluded that Mr. Clement would be required to engage in "a series of time consuming activities," including compiling records, responding to subpoenas and submitting to interviews with IRS agents if the government were not enjoined from collecting the § 6672 taxes. The Bankruptcy Court thus enjoined the government from collecting the tax when it entered its final judgment on January 21, 1985.

■ The government raises two arguments in its brief both of which the Court finds persuasive. First, the government argues that the corporation lacks standing to contest a tax assessed against an individual. As counsel for the appellee acknowledged during oral argument, the § 6672 tax is separate from the corporation's liability to pay the underlying taxes. *Horns-*

*by v. Internal Revenue Service,* 588 F.2d 952 (5th Cir.1979). To establish standing, the corporation must show that it has a personal stake in the outcome of the controversy. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The Supreme Court has further refined the definition of standing to require that the party invoking the Court's jurisdiction have a "distinct and palable injury" and a "fairly traceable" casual connection between the injury and the challenged conduct. *See Warth,* supra, and *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977). The appellee, A & B Heating and Air Conditioning, Inc. fails to meet this test. The corporation has shown no injury to itself from the IRS collecting § 6672 taxes from its president other than the highly speculative possibility that the collection will detract from Mr. Clement's ability to financially reorganize his company. This is not sufficient to invoke standing under Art. III. *See Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

■ The government also contends that even if the corporation had standing to contest the § 6672 tax assessment, the Anti-Injunction Act, 26 U.S.C. § 7421, bars the Bankruptcy Court from enjoining the collection of these taxes. The statute provides in part:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Apparently only two Circuit Courts of Appeal have considered the question of whether the Anti-Injunction Act prevents a Bankruptcy Court from enjoining the collection of back taxes as in the instant appeal. The Third Circuit concluded in *In Re Becker's Motor Transportation, Inc.,* 632 F.2d 242 (3rd Cir.1980) that the Anti-Injunction Act barred such injunctions since Congress did not include such cases among the excep-

**362**

tions when the Act was amended four months after Congress gave the Bankruptcy Courts the power to consider tax liabilities. The Third Circuit held that Congress thus did not intend to permit Bankruptcy Courts to issue such injunctions.

The Eighth Circuit has reached the opposite conclusion. In *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975), the Court held that a Bankruptcy Court had the power to issue such an injunction because Congress intended the Bankruptcy Code to be a "complete scheme governing bankruptcy which overrides the general policy represented by the anti-injunction act." *Id.* at 744. The *Bostwick* Court reached this conclusion by examining the broad powers which Congress granted Bankruptcy Courts to rehabilitate the debtor, including the power to make all orders necessary to enforce their determinations as to whether debts are dischargeable. *See* 11 U.S.C. § 105.

Neither the Fifth nor the Eleventh Circuit has ruled on this question. This Court, however, finds the reasoning by the Third Circuit more persuasive. The Court notes that at least one other Court within the Eleventh Circuit has also reached this conclusion. *See United States v. Driscoll's Towing Service, Inc.,* 51 B.R. 990 (S.D.Fla. 1985).

Accordingly, the Final Judgment of the Bankruptcy Court enjoining the United States from assessing and collecting § 6672 taxes from Arthur Clement, Jr., is hereby reversed and the final judgment is VACATED.