PER CURIAM.
 

 The issue in this appeal is whether a bankruptcy court has the power to enjoin the Internal Revenue Service (IRS) from collecting a tax assessed against certain officers and shareholders of A to Z Welding & Mfg. Co., Inc. (A to Z), a bankrupt corporation, pursuant to 26 U.S.C. § 6672.
 

 BACKGROUND
 

 A to Z filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on August 3, 1984. Thereafter, the IRS assessed a penalty against certain officers and shareholders of the debtor corporation requiring them to pay taxes withheld from its employee’s wages pursuant to 26 U.S.C. § 6672. A to Z filed a complaint against the IRS seeking to enjoin collection of the assessed penalties. The bankruptcy court held that it was barred by the anti-injunction statute, 26 U.S.C. § 7421(a), from issuing an injunction. Thus, the bankruptcy court dissolved a preliminary injunction prohibiting the IRS from taking any action to collect the tax liabilities and dismissed A to Z’s complaint.
 

 The district court 58 B.R. 1138, affirmed the bankruptcy court’s decision, and this appeal followed. For the reasons set forth below, we affirm.
 

 DISCUSSION
 

 A to Z argues that the “anti-injunction” statute is not relevant to the present case inasmuch as Congress, in enacting the bankruptcy code, has evidenced an intention to enact a complete scheme overriding the anti-injunction act. In support of its argument, A to Z relies on
 
 Bostwick v. United States,
 
 521 F.2d 741 (8th Cir.1975).
 
 Bostwick
 
 is inapposite to the case at hand. The injunction upheld in
 
 Bostwick
 
 was against collection of taxes assessed against the
 
 debtors
 
 in bankruptcy. 521 F.2d at 746. Thus, if a tax were assessed against the debtor,
 
 Bostwick
 
 may permit the bankruptcy court to override the anti-injunction act. Yet, this case involves an attempt to prohibit the IRS from collecting a tax assessed against officers and shareholders in their personal capacity. The anti-injunction act prohibits such a suit.
 
 Kelly v. Lethert,
 
 362 F.2d 629 (8th Cir.1966).
 

 Affirmed.