In re Johnny Leroy **WHEELER**, Debtor.

Johnny Leroy **WHEELER**, Plaintiff,

v.

**UNITED STATES of America (INTERNAL REVENUE SERVICE), Defendant.**

**Bankruptcy No. BK–91–04696–LN. Adv. No. ADV–93–1252–LN.**

United States Bankruptcy Court, W.D. Oklahoma.

May 18, 1995.

James S. Matthews, Oklahoma City, OK, for debtor.

Stephen P. Kranz, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER ON MOTION FOR RECONSIDERATION

PAUL B. LINDSEY, Chief Judge.

This adversary proceeding was commenced on July 22, 1993. It was allowed to languish for many months, apparently because of ongoing settlement negotiations, which were ultimately only partially fruitful. The issues before the court at this time arise out of an amended complaint filed by plaintiff, with leave of court, on September 30, 1994. In that complaint, plaintiff sought, a determination of the amount and the dischargeability of certain trust fund tax liability pursuant to 26 U.S.C. § 6672, assessed against plaintiff, and a preliminary injunction staying defendant from further collection efforts with regard to the liability pending determination of the issues raised in this adversary proceeding. On October 13, 1994, defendant filed its motion to dismiss and for summary judgment, in which it is urged that: The tax liability assessed against plaintiff is excepted from debtor's discharge; no portion of the liability assessed relates to a dischargeable penalty; there has been no waiver of sovereign immunity to permit this suit against the defendant; and the injunctive relief sought is prohibited by 26 U.S.C. § 7421 (the Anti–Injunction Act). On November 14, 1994, plaintiff responded to defendant's motion. On December 9, 1994, defendant filed its reply, and its motion for the court to abstain from determining the amount of plaintiff's liability.

On March 7, 1995, this court entered its order denying the motion for abstention and for summary judgment. In that order, the court concluded that defendant had withdrawn its motion to dismiss in its entirety, and therefore took no action with regard to that motion.

On March 16, 1995, defendant filed its motion seeking reconsideration of this court's action denying the motion for summary judgment, asserting that the withdrawal of defendant's motion to dismiss had been limited to the sovereign immunity issue, and urging that the court address the portion of its motion to dismiss based upon the Anti–Injunction Act. Defendant also sought, and was granted, an extension of time within which to file a supporting brief. Defendant did not seek reconsideration of this court's decision not to abstain.

This court has reviewed defendant's motion, the order of March 7, and the pleadings and brief which preceded it. The motion to reconsider will be granted and upon reconsideration, the court will reaffirm its decision to deny defendant's motion for summary judgment, for the reasons stated in the order of March 7. With regard to defendant's motion to dismiss, however, the court agrees that the withdrawal of that motion by defendant was limited to its contention related to sovereign immunity, and that the remainder of the motion, based upon the Anti–Injunction Act, should have been addressed by the court. It will therefore be addressed at this time.

Under the Anti–Injunction Act, except in limited circumstances not present here:

"[n]o suit for the purpose of restraining the assessment or collection of any tax

shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

26 U.S.C. § 7421(a).

Defendant cites *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) and *Lonsdale v. United States,* 919 F.2d 1440 (10th Cir.1990), in which the court basically held that the statute means what it says, and that, with only extremely narrow exceptions, the district courts were prohibited from granting injunctive relief to prevent the collection of taxes.

Defendant also cites court of appeals authorities decided in the context of bankruptcy proceedings, as follows: *In re American Bicycle Association,* 895 F.2d 1277 (9th Cir. 1990), *LaSalle Rolling Mills, Inc. v. United States,* 832 F.2d 390 (7th Cir.1987), and *A to Z Welding & Manufacturing Co. v. United States,* 803 F.2d 932 (8th Cir.1986). In each of these cases, it was held that the Anti-Injunction Act prevented bankruptcy courts from enjoining the assessment or collection of the 100% penalty tax under 26 U.S.C. § 6672 from non-debtor officers of a corporate debtor in bankruptcy which had failed to remit trust fund taxes. Those cases differ from the case before this court. Here, injunctive relief is sought by a debtor in bankruptcy who is alleged to have been a responsible person of a non-debtor corporation which failed to remit trust fund taxes.

In *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975), debtor sought and obtained from the bankruptcy court a determination of the dischargeability of certain tax debts and injunctive relief against collection efforts as to such taxes until the dischargeability could be determined. On appeal, the district court and the court of appeals affirmed. The court of appeals was of the view that the Anti-Injunction Act was not relevant to the case, "inasmuch as Congress has evidenced an intention to enact a complete scheme governing bankruptcy which overrides the general policy represented by the 'anti-injunction' act." *Bostwick,* 521 F.2d at 744.

*Bostwick* was decided under the Bankruptcy Act, prior to the enactment in 1978 of the present Bankruptcy Code, 11 U.S.C. §§ 101–1330. The basic policies of the two enactments remain the same, however, and the statutory scheme is at least as comprehensive under the Code as it was under the Act. The bankruptcy court is empowered to: Issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code [§ 105(a)]; determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax [§ 505(a)(1)]; and determine the dischargeability of debts, including debts for taxes [§ 523(a)(1) and Rule 7001(6), Fed. R.Bankr.P.].

The only reported decision directly on point in the Tenth Circuit appears to be *In re Jon Co., Inc.* 30 B.R. 831 (D.Colo.1983). In that case, the court notes that it found no decisional authority on this subject within the Tenth Circuit, and that a split existed between the two circuits which had addressed the issue, citing *Bostwick* and *Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242 (3rd Cir.1980) (refusing to grant equitable relief, but granting declaratory relief in spite of the limitation on such relief with respect to Federal Taxes contained in 28 U.S.C. § 2201). The *Jon Co.* court concluded that *Bostwick* was the better reasoned of the two cases, and that therefore a collection summons for a 26 U.S.C. § 6672 penalty could be enjoined by the bankruptcy court.

This court is also of the view that *Bostwick* represents the better reasoned view, and that in a proper case, collection actions by taxing authorities may be enjoined by bankruptcy courts pending determination of other related issues, such as liability of the debtor for the taxes in question, the amount of such liability, and the dischargeability of the liability.

In *Jon Co.* the case was remanded for a determination of whether the necessary prerequisites to the issuance of an injunction were present, an issue which had not been addressed before the bankruptcy court. As the court pointed out, a debtor seeking injunctive relief must show:

1) Irreparable harm to the bankruptcy estate if the injunction does not issue;

2) A strong likelihood of success on the merits;

3) No harm or minimal harm to the other party or parties; and

4) A determination of what action better serves the public interest.

*Jon Co.,* 30 B.R. at 835.

In this case, debtor received his discharge under 11 U.S.C. § 727 in October 1991. This adversary proceeding was filed in July 1993 and the amended complaint, in which injunctive relief was first sought, was filed in September 1994. Yet at no time has debtor filed an application for a temporary restraining order or for a preliminary injunction.

 Injunctive relief is by its very nature extraordinary relief, and it may not be granted in the absence of proof that the circumstances are sufficiently extraordinary to warrant the granting of such relief. In the circumstances present here, it is difficult to envision debtor being able to provide a level of proof sufficient to meet the necessary prerequisites for injunctive relief.

Based upon the foregoing, this court grants defendant's motion for reconsideration. Upon reconsideration, the court reaffirms its denial of defendant's motion for summary judgment and denies defendant's motion to dismiss based upon the Anti–Injunction Act. The issue of whether injunctive relief is warranted in this case is not presently before the court.

IT IS SO ORDERED.