**In re Frederick J. SCHWARTZ and Shirley A. Schwartz, Debtors.**

**Frederick J. SCHWARTZ and Shirley A. Schwartz, Plaintiffs,**

v.

**Richard D. GARDINER, Director, New Jersey Division of Taxation and Commissioner of Internal Revenue, Defendants.**

**Bankruptcy No. 94–28263 (NLW), Adv. No. 95–2438 (NLW).**

United States Bankruptcy Court, D. New Jersey.

Feb. 9, 1996.

Middlebrooks & Shapiro, P.C. by Melinda D. Middlebrooks, Parsippany, New Jersey, for Debtors.

Edwin N. Gross, Caldwell, New Jersey, Special Tax Counsel for the Debtors.

United States Department of Justice by Lawrence P. Blaskopf, Washington, DC.

## OPINION

NOVALYN L. WINFIELD, Bankruptcy Judge.

The Debtors commenced an adversary proceeding for a determination pursuant to 11 U.S.C. § 505(a)(1) that the debtor, Frederick J. Schwartz, is not a "responsible person" within the meaning of the New Jersey or United States tax statutes such that he could be liable for penalties associated with non-payment of corporate trust fund taxes. The Internal Revenue Service ("IRS") moved to dismiss the adversary proceeding on the ground that it has neither made an assessment nor filed a proof of claim, and thus, no actual controversy exists between the debtor and the Internal Revenue Service.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference by the District Court of New Jersey dated July 23, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) as it deals with whether the

court can determine the validity and extent of a tax claim against the Debtors' estate. The following constitutes this court's findings of fact and conclusions of law made in accordance with Bankruptcy Rule 7052. For the reasons set forth at greater length below, the court denies the IRS's motion to dismiss.

## FACTS

Commencing in or about January, 1993, plaintiff, Frederick J. Schwartz ("Schwartz" or "Debtor"), became Chief Financial Officer of Duall Maintenance Company ("Duall–N.J.") and Duall Environmental Company ("Duall–Del."). He also became the owner of 34% of the outstanding stock of both corporations. On March 22, 1993 GSR Construction Co., Inc. ("GSR") was formed. Schwartz became GSR's Chief Financial Officer and the owner of 34% of the outstanding stock of GSR. Schwartz avers that he was not a director of any of these corporations. On September 12, 1993, he terminated his relationship with all three corporations.

The Debtor alleges upon information and belief, that Duall–N.J., Duall–Del. and GSR failed to withhold and pay Gross Income Withholding Tax ("NJGIWT") pursuant to N.J.S.A. 54A:7–1(a). The Debtor further alleges, also upon information and belief, that the three corporations also failed to withhold and pay FICA taxes pursuant to 26 U.S.C. § 3402(a).

On May 3, 1994, Schwartz was served with a Notice of Finding of Responsible Person Status by Defendant, N.J. Division of Taxation ("N.J.Div.Tax.") with respect to Duall–N.J. No claim was asserted by the N.J.Div.Tax. with respect to Duall–Del. or GSR. A timely protest and request for hearing was filed with the Hearings and Appeal Branch of the N.J.Div.Tax. ("Hearings and Appeal"). Before any decision was rendered by Hearings and Appeal, Schwartz's counsel advised that Debtor had filed a bankruptcy petition pursuant to Chapter 11 and that the Debtor would litigate the tax dispute in the Bankruptcy Court. On December 21, 1994, Hearings and Appeal issued a Final Determination sustaining the Notice of Finding of Responsible Person Status against Schwartz.

Pursuant to N.J.S.A. 54:51A–13 *et seq.*, a taxpayer appealing from a Final Determination of the N.J.Div.Tax. has a 90 day period within which to appeal to the Tax Court of New Jersey. On March 2, 1995, Schwartz, by special tax counsel, filed a timely complaint with the Tax Court of New Jersey. This matter is being held in abeyance pending the outcome of this cause of action.

On June 5, 1995 the Debtors commenced this adversary (i) to determine whether Frederick Schwartz has personal third party liability as a responsible party who had a duty to pay the NJGIWT owed by the three corporations, (ii) to determine whether Frederick Schwartz has personal third party liability as a responsible party who had a duty to pay federal withholding taxes owed by the three corporations, and (iii) to determine the extent of his obligations to the N.J.Div. of Tax. and the IRS if the court finds personal liability.

Prepetition, the IRS had not advised the debtor that it asserted any liability against Schwartz for the non-payment of corporate taxes. At the time that the Debtors commenced the adversary proceeding the IRS had not filed a claim in the bankruptcy case. Although the N.J.Div. of Tax. has filed an answer in the adversary proceeding, it has not filed a proof of claim in the bankruptcy case.

Rather than file an answer, the IRS moved to dismiss the complaint on August 15, 1995. Plaintiffs filed their opposing papers on September 6, 1995. The IRS thereafter replied to the opposition on September 27, 1995. A hearing was held on the IRS's Motion to Dismiss on October 24, 1995 at which time the court considered the arguments of counsel. The court thereafter issued an oral opinion denying the Motion to Dismiss. This written opinion follows.

## DISCUSSION

Section 505 of the Bankruptcy Code provides in pertinent part:

§ 505 Determination of tax liability

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any

fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a).

In spite of this broad language, the IRS objects to the bankruptcy court's jurisdiction to determine whether Schwartz has liability as a result of trust fund taxes that were not paid by Duall–N.J., Duall–Del. and GSR. The IRS alleges that there is no "actual controversy" between the Plaintiffs and the IRS.

 Article III, section 2 of the Constitution of the United States limits federal jurisdiction to actual "cases or controversies." U.S. Const. Art. III, § 2. To satisfy the case or controversy requirement an action must present (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution. *Armstrong World Industries v. Adams,* 961 F.2d 405, 410 (3d Cir.1992) [quoting from *International Bhd. of Boilermakers v. Kelly,* 815 F.2d 912, 915 (3d Cir.1987)]. To that end, the burden of establishing that an actual controversy exists is on the plaintiff, Schwartz. *Cardinal Chemical Co. v. Morton International, Inc.,* 508 U.S. 83, 94–96, 113 S.Ct. 1967, 1974, 124 L.Ed.2d 1 (1993).

The IRS views the Debtor's request for relief as a request for a declaratory judgment pursuant to 28 U.S.C. § 2201, which states in relevant part:

[I]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than ... a proceeding under section 505 ... of title 11, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201.

 The case or controversy requirement must be met for all matters brought before federal courts, including requests for declaratory relief. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). In light of the foregoing, for the purpose of analyzing the matter before it, the court will follow the standards set forth in *Armstrong World Industries:*

In determining whether an action is ripe for judicial review, the Supreme Court generally looks to "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration," ... In the declaratory judgment context, we have refined this test because of the difficulty in defining ripeness in actions before an "accomplished" jury is established.... We focus instead on the "adversity of interest" between the parties, the "conclusivity" that a declaratory judgment would have on the legal relationship between the parties, and the "practical help, or utility," of a declaratory judgment.

961 F.2d at 411. (Citations and footnotes omitted.)

Thus, to determine whether an actual controversy exists with respect to the present adversary proceeding the court must examine (i) whether there is an adversity of interest between the IRS and the Debtors, (ii) the conclusivity that the court's determination will have on the legal relationship between the parties, and (iii) the practical help that results from the court's decision.

 Because the IRS has taken no steps to investigate Schwartz's tax liability, the IRS argues that there is no adversity of interests between the Debtor and the IRS. The IRS points out that it has neither assessed Schwartz with any liability nor has it filed any claims for such liability with the court. Furthermore, the IRS states that it has not even represented to Schwartz that it may consider him liable for the unpaid trust fund taxes of Duall–N.J., Duall–Del., or GSR. Indeed, the IRS states that it has not even

investigated whether Schwartz has any liability. It contends that adversity only arises if at some later time the IRS determines that Schwartz is liable for the unpaid taxes of the three corporations. *Id.* It further cautions that "it is possible that at some time the United States may investigate whether [Schwartz] is liable for any employment tax liabilities of these companies, and it may determine that he is liable for these taxes." Brief in Support of Motion to Dismiss at 4.

The Debtor counters that adversity exists because the viability of their Chapter 11 plan of reorganization depends upon a determination of Schwartz's liability to the IRS and the N.J.Div. of Tax. The court concurs that it is the very fact of Schwartz's bankruptcy case and its fresh start purpose that gives rise to an adversity of interest among the parties in this adversary proceeding.

■ It might well be that but for the bankruptcy case, Schwartz's liability to the taxing authorities is not ripe for adjudication. It is certainly true, as a general proposition, that courts will not decide a case where a claim is contingent upon future events which may not occur. *Binker v. Commonwealth of Pennsylvania,* 977 F.2d 738, 753 (3d Cir. 1992); *D'Imperio v. United States,* 575 F.Supp. 248, 251 (D.N.J.1983); *Dawson v. Department of Transportation,* 480 F.Supp. 351, 352 (D.Okla.1979). The court in *D'Imperio* described the considerations that must be balanced as follows:

> The actual enforcement of a statute or regulation, or the commencement of a suit by a private party is no prerequisite of a suit to establish non-liability. *Doe v. Bolton,* 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1974 [ (1973) ] ); *Lake Carriers Ass'n. v. MacMullan,* 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). Nevertheless, not everyone who fears that a government agency or private party may seek to compel enforcement of a law or agreement may bring suit under the Declaratory Judgment Act. One's fears must be sufficiently real and immediate, based on the actions or representations of one's potential adversary or based on actions

one desires to take which may run afoul of a law or agreement, valid or otherwise. 575 F.Supp. at 251.

In the matter at hand, because the Debtor has filed for bankruptcy relief the Debtor's concerns are sufficiently immediate so as to warrant determination. It appears that the three corporations for which Schwartz acted as chief financial officer did not pay trust fund taxes. The N.J.Div. of Taxation has already determined that Schwartz has responsible person status with respect to Duall–N.J. Though the IRS has not assessed any responsible party penalty, it maintains that it has a right to make such a determination in the future. Thus, Schwartz's concern that he may face substantial liability is not ephemeral. Finally, until Schwartz's liability as a responsible party is fully determined and quantified the Debtors cannot provide for the treatment of such liability in a Chapter 11 plan of reorganization, and Schwartz will not have full benefit of the fresh start offered in bankruptcy.

In the case of *In re Kilen,* 129 B.R. 538, 545 (Bankr.N.D.Ill.1991) the court likewise rejected an argument by the IRS that "without a claim or proposed assessment, there is no concrete controversy between the parties." The *Kilen* court examined the legislative history of Bankruptcy Code § 505 and determined that the underlying policy of the section is "to allow a bankrupt to start over and to enhance the individual's chance of financially rehabilitating himself by eliminating old tax debts." *Id.* at 546. (Citations omitted).

The IRS argues that the fact that the debtor in *Kilen* filed a claim on behalf of the IRS distinguishes the case from the instant matter. The court finds the distinction unhelpful. As *Kilen* notes Bankruptcy Code § 501(b) and Bankruptcy Rule 3004 enable a debtor or trustee to file a proof of claim for a non-filing creditor. 129 B.R. at 547. Nothing in *Kilen* indicates that the court relied upon the act of filing the proof of claim in reaching its decision. In fact, in reaching its determination that an actual controversy existed between the parties the court in *Kilen* relied on the expansive definition of claim contained in the Bankruptcy Code and the

broad application of that definition by the courts to a variety of unliquidated and contingent claims. *Id.* at 547–48. Similarly, in the instant matter, by recognizing the expansive reach of Bankruptcy Code § 505 and the broad definition of claim in Bankruptcy Code § 101(5) it is readily evident that the question of the Debtor's liability is ripe for determination by the court.

It is also precisely because of the reach of Bankruptcy Code § 505 that the conclusivity test is met. In the bankruptcy court forum all issues relating to Schwartz's liability to both the State of New Jersey and the United States can be litigated. There will be no need for additional judicial or administrative proceedings. Moreover, in part because all issues can be readily addressed in this adversary proceeding, there is practical utility to this court's decision. The expeditious determination of both state and federal claims permits Schwartz to file a plan to address payment of any liability. Thus, Schwartz is relieved of the uncertainty as to whether he has any liability and he can get on with his economic life. Further, to the extent any obligation is owed, payments can commence promptly upon confirmation of a plan of reorganization. Thus, the public fisc is aided rather than harmed by an earlier determination of liability.

In the instant case, the court also finds applicable the analysis provided in *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975).

In *Bostwick,* the court determined that under Section 2(a) of the Bankruptcy Act, the bankruptcy court had jurisdiction to determine dischargeability of a federal tax debt, though the United States had not filed a proof of claim or otherwise participated in or consented to the proceedings. The court reviewed some of the policy considerations which it found to be important to application of Section 2(a):

> While we recognize that the United States has a strong interest in protecting the revenue and that our holding will place a burden on the government, we nevertheless are constrained to follow the plain meaning of the statute enacted by Congress. We think that Congress intended the bankrupt to have the opportunity for a full and final determination of the dischargeability of his tax debts.... Taxes very often represent one of the largest if not the largest debts of the bankruptcy debtor. Congress specifically changed the law so that certain of the tax debts might be discharged. We cannot believe, that in light of the statute, that Congress nevertheless intended that the debtor be left in a state of uncertainty, subject any time to the whim of the Revenue Service determination that it should now step in. Such a reading of the statute would surely damage the morale of the debtor and defeat the Act's rehabilitative policy.

521 F.2d at 746.

While the *Bostwick* decision addressed the considerations which underlay application of Bankruptcy Act § 2(a), its assessment of the purpose for adjudication of tax issues in bankruptcy court is equally applicable to Bankruptcy Code § 505, which is largely adapted from Section 2(a). Illustrative of this point is the case of *In re Huddleston,* 1994 WL 764193 (Bankr.W.D.La.), 75 A.F.T.R.2d 95–482. In *Huddleston,* the IRS filed a proof of claim and several amendments. A hearing was then scheduled before the bankruptcy court to determine the validity of the claims. The IRS withdrew its claims prior to the hearing and attempted to have the motion dismissed because there was no claim before the court.

The *Huddleston* court noted that cases which construed Bankruptcy Act § 2(a) found that because of the plain language of the statutory section and the policy underlying the statute, the filing of a proof of claim was not a requirement for exercise of the court's jurisdiction. *In re Huddleston* at 5. It further determined that since the policy of Bankruptcy Code § 505 is the same as that of Bankruptcy Act § 2(a), and that the statutory language is equally clear, the result should be the same. *Id.* Thus, the *Huddleston* court stated that, "to make the filing of a proof of claim a prerequisite to seeking a section 505(a) tax determination 'would distort and render meaningless the clearly expressed congressional language.'" *In re Huddleston,* at 5. (quoting *Gwilliam v.*

*United States*, 519 F.2d 407, 412 (9th Cir. 1975)).

Applying the *Huddleston* reasoning to the adversary proceeding before this court, it is equally evident that the fact that the IRS has not assessed Schwartz with a responsible party penalty does not preclude the court from reaching the issue. Bankruptcy Code § 505 expressly provides for determination of a penalty whether or not it has been previously assessed. Thus, to impose assessment of a tax penalty as a prerequisite to a determination of liability in the present case likewise would require a distortion of the clear congressional language.

## CONCLUSION

Based upon the foregoing the court finds that an actual controversy exists between Schwartz and the taxing authorities. Therefore, the IRS's Motion to Dismiss is hereby DENIED.