In the Matter of NOLAN CONTRACT-ING, INC., Debtor.

NOLAN CONTRACTING, INC. Plaintiff,

v.

UNITED STATES of America, DEPART-MENT of TREASURY, INTERNAL REVENUE SERVICE, Defendant.

Adv. No. 89–0214.

Bankruptcy No. 87–02755–K.

United States Bankruptcy Court, E.D. Louisiana.

Oct. 26, 1989.

Russel J. Nunez, Jr., Nunez & Nunez, C. Michael Winters, New Orleans, La., for debtor, Nolan Contracting, Inc.

John Voltz, U.S. Atty., Eneid A. Francis, Asst. U.S. Atty., New Orleans, La., David N. Crapo, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION

THOMAS H. KINGSMILL, Jr., Bankruptcy Judge.

On August 11, 1989, this matter came before the court as an expedited hearing on Nolan Contracting, Inc.'s ("Debtor") request for a preliminary injunction against the defendant, the United States. The Debtor attempts to enjoin the Internal Revenue Service ("IRS"), an administrative agency of the United States, from assessing the income of Jeffery C. Nolan, who is not a debtor before the court. For the following reasons, the court will deny the Debtor's request for an injunction.[1]

Since the filing of this bankruptcy proceeding, the IRS has maintained that the Debtor owes some $339,000 in pre-petition federal employment tax liabilities and some $262,000 in post-petition tax liabilities. On or about June 30, 1989, the IRS served a Notice of Levy on the Debtor and began seizing the salary payments due by the Debtor to Mr. Nolan, the president of the debtor corporation. The IRS sought to apply these payments to a "responsible officer penalty" assessed against Mr. Nolan pursuant to the Section 6672 of the Internal Revenue Code.[2]

In response to the IRS's levy, the Debtor has requested an injunction which would enjoin any further collection efforts by the IRS until confirmation of a plan of reorganization or conversion of the Debtor's proceeding to liquidation under Chapter 7 of

---

1. This Memorandum Opinion shall constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

2. Title 26 U.S.C. § 6672 provides, in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

the Bankruptcy Code. The Debtor argues that this temporary protection will allow Mr. Nolan to devote his undivided attention to the Debtor's daily operations and ongoing litigation involving collection of the Debtor's accounts receivables. The Debtor asserts that Mr. Nolan's unhampered efforts are necessary for a successful reorganization of the Debtor which would benefit all creditors, and therefore a preliminary injunction should be issued pursuant to 11 U.S.C. § 105.[3]

The IRS, however, opposes the issuance of any injunction on three grounds: the Debtor lacks standing to litigate the tax liabilities of Mr. Nolan; Mr. Nolan is not protected by the provisions of the automatic stay; and the bankruptcy court lacks the jurisdiction to enter an injunction prohibiting the United States from collecting the "responsible officer penalty" against Mr. Nolan. Considering these grounds, the court finds it appropriate only to address the last.

Although there is a split of lower court authority and no controlling Fifth Circuit precedent, it has been settled in this district that a bankruptcy court may not enjoin the IRS from collecting a "responsible officer penalty" from a corporate debtor's officers who were not personally in bankruptcy. *United States v. Casa Garcia, Inc.,* 63 A.F.T.R.2d (P–H) ¶ 89–557, 1989 WL 30258 (E.D.La. March 23, 1989). In *Casa Garcia,* the district court adopted the reasoning of two circuit courts which held that the Anti-Injunction Act[4] prohibits a bankruptcy court from enjoining the IRS's collection of assessed taxes against officers or shareholders who are not personally in bankruptcy. *Id. See also, Matter of LaSalle Rolling Mills, Inc.* 832 F.2d 390 (7th Cir.1987); *A to Z Welding & Mfg. Co., Inc. v. United States,* 803 F.2d 932 (8th Cir.1986). It should be noted that the Seventh Circuit so held despite the plaintiff's argument, like the Debtor's here, that corporate debtor's officers were indispensable to the debtor's efforts to reorganize successfully. *LaSalle,* 832 F.2d at 391–92.

Accordingly, the court will enter an order denying a preliminary injunction and dismissing the Debtor's complaint.

## JUDGMENT

On August 11, 1989, this matter came before the court as an expedited hearing on Nolan Contracting, Inc.'s request for a preliminary injunction against the defendant, the United States. In accordance with the foregoing Memorandum Opinion,

IT IS ORDERED, ADJUDGED AND DECREED that Nolan Contracting, Inc.'s request for a preliminary injunction be, and it hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the complaint of Nolan Contracting seeking injunctive relief be, and it hereby is, DISMISSED.

---

**3.** Section 105 of the Bankruptcy Code provides, in pertinent part:

   The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

**4.** Title 26 U.S.C. § 7421(a) provides:

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.