**MCA, INC. and Universal City Studios, Inc., Appellants,**

**v.**

**AMERICAN BROADCASTING COMPA-NIES, INC., and United States of America, Appellees.**

No. 83–5694.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 1983.

Decided Sept. 7, 1983.

John Cooley Baity, Los Angeles, Cal., for appellants.

Stanley A. Shaw, Washington, D.C., for appellees.

Before SWYGERT*, GOODWIN and ANDERSON, Circuit Judges.

PER CURIAM:

MCA appeals the district court's dismissal of its suit for a declaratory judgment. MCA and Universal produced films for ABC's television broadcasts. They now contest which corporation(s) should reap the benefit of the investment tax credit. ABC and the United States maintain that an action for declaratory judgment in this case

---

* The Honorable Luther Merritt Swygert, Senior United States Circuit Judge for the Seventh     Circuit, sitting by designation.

will not lie. The district court so ruled and we affirm.

## I.

During the tax years 1971 through 1974, MCA produced the 31 films at issue here. ABC exhibited these films under license. Both ABC and MCA claimed investment tax credits for the films. Both elected, pursuant to § 804(e)(2) of the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, to have their claims determined in accordance with § 48(k) of the Internal Revenue Code of 1954.

The IRS determined that MCA should receive the investment tax credits. ABC's tax credits were disallowed. After paying the tax resulting from the disallowed tax credits, ABC filed a tax refund action in the Court of Claims, alleging that it, and not MCA, was entitled to the investment tax credits.

MCA learned of ABC's lawsuit and filed this declaratory action, seeking a judicial determination that it, and not ABC, is entitled to the investment tax credits. The defendants moved to dismiss, arguing that MCA's suit for a declaratory judgment is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201.

## II.

The issue on appeal is whether § 804(c)(2)(D) of the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1595, overcomes the prohibition on declaratory judgments embodied in 28 U.S.C. § 2201.

Title 28 U.S.C. § 2201 provides:

"In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (Emphasis added.)

Section 804(c)(2)(D) of the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1595, provides:

"(D) The taxpayer must consent to join in certain proceedings. No election may be made under this paragraph or subsection (e)(2) by any taxpayer unless he consents, under regulations prescribed by the Secretary of the Treasury or his delegate, to treat the determination of the investment credit allowable on each film subject to an election as a separate cause of action, and to join in any judicial proceeding for determining the person entitled to, and the amount of, the credit allowable under section 38 of the Internal Revenue Code of 1954 with respect to any film covered by such election."

■ It is fundamental to tax jurisprudence that declaratory judgments and injunctions are rarely, if ever, granted. Such relief would unduly disrupt the nation's revenue collection process. *Bob Jones University v. Simon,* 416 U.S. 725, 747, 94 S.Ct. 2038, 2051, 40 L.Ed.2d 496 (1974).

■ MCA argues that § 804 lifts the general proscription against declaratory judgments. We fail to comprehend MCA's argument. Section 804 is intended to allow the government, should it elect to bring action against an investment tax claimant, to obtain the participation of all other claimants of the same tax credit(s). It does not allow declaratory judgments, whether at the behest of the government or anyone else.

Affirmed.