In the Matter of Donald D. RUTT, Fred C. Ress and Patricia Ress, Pamela Marie Wolter, Debtors.

Bankruptcy Nos. BK87–1067, BK87–2404 and BK87–40322.

United States Bankruptcy Court, D. Nebraska.

June 22, 1988.

Howard Kaplan of Erickson & Sederstrom, P.C., Omaha, Neb., for Kathleen Laughlin, Trustee.

Loren Mark, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., and Douglas R. Semisch, Asst. U.S. Atty., Omaha, Neb., for I.R.S.

Rayford K. Adams, III, Greensboro, N.C., for NACTT, amicus curiae.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

### Facts

Kathleen Laughlin is the duly appointed and acting Chapter 13 Trustee for the District of Nebraska appointed by this Court under the authority of 11 U.S.C. § 1302(d). As of this date, the United States Trustee system is not in effect in this judicial district. The Trustee currently is responsible for administering approximately 1700 Chapter 13 bankruptcy cases.

The Trustee is required by the Bankruptcy Code, Section 1302, to, among other duties, receive payments from debtors and/or debtors' employers, disburse payments to debtors' creditors pursuant to plans confirmed by the Court and account to debtors, creditors and the Court for all receipts and disbursements.

During 1987 there were an average of seventy-five new cases filed each month with a range of one to three hundred forty-three creditors per case or an average of thirty-five creditors per case. For the total 1700 debtor caseload, the Trustee deals with a creditor base of 59,500 creditors over a period of three to five years.

The Trustee employs a staff of five and uses both manual and contract data processing to service the workload.

On January 5, 1988, the Trustee received a "Notice of Levy" from the Internal Revenue Service (IRS) dated December 29, 1987. The Notice of Levy requires the Trustee to determine if she holds any property for the benefit of a particular individual, identified by name. Although the Notice of Levy does not so indicate, the individual taxpayer whose property has been levied upon is not a Chapter 13 debtor, but is an attorney for three debtors whose plans are being administered by the Trustee.

The Notice of Levy does not identify the particular Chapter 13 debtors from whom the taxpayer may expect payment. As a result, the Trustee interrupted the administrative processes, manually searched the records in her office and determined that two Chapter 13 plans had been confirmed in which payments were due the taxpayer and one Chapter 13 plan was pending confirmation, which, if eventually confirmed, would require the Trustee to distribute payments to the taxpayer.

Rather than respond to the Notice of Levy, the Trustee brought a motion before this Court requesting that the IRS be found to have violated the automatic stay of Section 362 of the Code.

The Trustee's theory, which is supported by the National Association of Chapter 13 Trustees (NACTT) in its amicus curiae brief is that money held by a Chapter 13 Trustee under a confirmed plan is property of the estate and that any attempt to collect such money from the Trustee can only be initiated after obtaining relief from the Court. In addition, the Trustee and NACTT argue that if the IRS is allowed to levy upon money held by the Trustee, such levy will create an administrative nightmare. Since the IRS Notice of Levy does not identify cases being administered by the Trustee to which the Trustee should look in determining the existence of taxpayer/creditor funds, the Trustee is re-

quired to expend employee and financial resources to do the research which, according to the Trustee, should be the burden of the IRS. This research will take time, perhaps involve additional expenses for computer service, and may not result in an accurate determination by the Trustee. If the Trustee innocently, but inaccurately, accounts to the IRS, she may be personally liable for such inaccuracy.

Finally, the Trustee suggests that allowing the IRS to levy upon money the Trustee has a statutory and Court ordered duty to disburse to creditors of Chapter 13 debtors may put the Trustee in violation of the Bankruptcy Code and Court orders for complying with conflicting Internal Revenue Code and IRS collection orders (the Notice of Levy).

The taxpayer involved has been notified of this proceeding and has chosen not to participate. The funds discovered by the Trustee have been, pursuant to stipulation, deposited with the Clerk of the Bankruptcy Court pending resolution of this dispute.

The IRS resists the motion of the Trustee and urges this Court to find this action barred by 26 U.S.C. § 7421, the Anti Injunction Act. In addition, the IRS argues that the property held by the Trustee is not property of the estate, and even if it is, the automatic stay of the Bankruptcy Code does not bar the IRS from levying upon it.

### Legal Conclusions and Analysis

Section 362 of the Bankruptcy Code prohibits any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3).

Property of the estate for Chapter 13 purposes includes property specified in Section 541 of the Code plus earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under another title. 11 U.S.C. § 1306(a)(2).

The debtor is required to file a plan within a certain amount of time after filing the petition and, unless the Court orders otherwise, the debtor must begin to make payments to the Trustee, in the amount proposed by the plan, within thirty days after the plan is filed. 11 U.S.C. § 1326(a)(1).

The Trustee retains all such payments until the plan is confirmed. Upon confirmation, the Trustee distributes the payments in accordance with the plan. If the plan is not confirmed, the Trustee returns to the debtor the net balance after deducting certain allowed administrative claims. 11 U.S.C. § 1326(a)(2).

The Trustee's duty following confirmation is to pay the creditors. 11 U.S.C. § 1326(c).

Confirmation of the plan vests all of the property of the estate in the debtor free and clear of any claims of creditors provided for in the plan. 11 U.S.C. § 1327(b) and (c).

■ This Court concludes that after confirmation of a plan, the funds held by the Trustee and those funds which the Trustee receives in the future for payment to creditors under the terms of a confirmed plan, are not property of the estate. Such funds are property of the debtor. *In re Mason*, 45 B.R. 498 (Bkrtcy.D.Ore.1984), aff'd. 51 B.R. 548 (D.Ore.1985) and *In re Stark*, 8 B.R. 233 (Bkrtcy.N.D.Ohio 1981). *Contra In re Root*, 61 B.R. 984 (Bkrtcy.D.Colo. 1986). The Trustee holds them only in her capacity as a disbursing agent. See H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 430 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6385, Norton Bankr Code Pamphlet 1987–1988 Ed, 909.

The Bankruptcy Court in *Root*, although apparently believing that post-confirmation property was still property of an "estate", nevertheless suggested, in a fact situation such as the one before this Court, that the IRS should levy upon the Trustee, suggesting that, in contrast to a debtor, the Trustee being aware of the facts "will not initiate needless litigation in this Court." 61 B.R. at 986.

If the funds being held by the Trustee are not property of the estate, it follows that a levy by the IRS on such funds is not

a violation of the automatic stay of Section 362.

■ However, the Trustee additionally requests the Court to prohibit the IRS from attempting to obtain such funds from her unless the IRS specifies the debtor case or cases in which she is holding money for the taxpayer being levied upon. The Trustee and NACTT argue that the administrative burden upon the Trustee and the cost of the "blind records search" should not be borne solely by the Trustee or other creditors, but that the IRS should share such burden by at least doing sufficient research to give the Trustee some indication of where the funds are. The Trustee envisions another Notice of Levy in the future which will result in her office searching all the files and determining numerous cases in which a taxpayer has a right to funds. She further suggests that the search burden could immobilize the office, thus interfering with the administration of the Chapter 13 Trust.

It is suggested that the solution to the above-described scenario is an order by this Court requiring the IRS to provide the Trustee with more detail. In the alternative, it is suggested that the Court should require the IRS to file an adversary proceeding against the Trustee and the taxpayer and perhaps the debtor so a Court can properly determine the rights of the IRS and the Trustee.

Section 7421(a) of the Internal Revenue Code, 26 U.S.C. § 7421(a), provides in applicable part:

> "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any Court by any person, whether or not such person is the person against whom such tax was assessed."

This statute is referred to as the Anti Injunction Act and was enacted by Congress as a jurisdictional limitation with respect to actions involving the assessment or collection of taxes by the IRS. See *Enoch v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292 (1962); *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *MCA v. ABC, Inc.*, 715 F.2d 475, 476 (9th Cir.1983). Its basic purpose is to prohibit any litigation which would enjoin IRS assessment and collection efforts. *MCA v. ABC, Inc., Id.*

This statute has been construed in a bankruptcy case under this Code and the Court concluded that Congress did not intend the Code to supersede the Anti Injunction Act, nor was the Code to be used to shield non debtors from collection of taxes. *Cambridge Machined Products Corp. v. United States*, 58 B.R. 22 (Bkrtcy.D.Mass. 1985).

The Eighth Circuit Court of Appeals has ruled that the Anti Injunction Act prohibits a Bankruptcy Court from enjoining the IRS from collecting a tax assessed against non debtors. *A to Z Welding & Mfg. Co., Inc., v. United States*, 803 F.2d 932 (8th Cir. 1986).

The request by the Trustee to order the IRS to provide the Trustee more detail in future Notice of Levy served upon her or to require the IRS to file an adversary proceeding before serving such Notice of Levy are both requests in the nature of an injunction. This would involve the Court in judicial interference with the tax collecting function of the IRS on matters unrelated to debtors or property of the estate. Such actions by the Court are prohibited by the Section 7421(a).

The administrative burden forseen by the Trustee is very possibly real. However, it is to Congress and not this Court that she must look for relief.

The motion by the Trustee is overruled. The Clerk of the Bankruptcy Court shall distribute the funds now being held, plus accrued interest, to the Trustee for distribution.

Separate Journal Entry shall be filed.