**In re Mary O. HALL, Debtor.**

**Mary O. HALL, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 90–05850.
Adv. No. 90–0347A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 19, 1990.

---

Frank L. Amodeo, Hyatt Legal Services, Atlanta, Ga., for plaintiff.

Curtis Bowman, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This matter is before the court on the motion of the Internal Revenue Service (IRS) to dismiss the above-styled adversary proceeding. In response to the IRS's motion, Debtor filed a motion to amend the complaint and filed a response opposing the motion to dismiss. For the reasons set forth below, Debtor's motion to amend is granted and the IRS's motion to dismiss is granted.

The first contention of the IRS in its motion to dismiss is that Debtor failed to name the proper party as defendant. Congress has not authorized suit against the Internal Revenue Service; thus, it lacks the capacity to be sued. *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). Debtor's motion to amend seeks to amend the complaint to substitute the United States, acting by and through the Internal Revenue Service, as defendant. The motion contained no allegation that the IRS's consent was sought or refused. The IRS filed no response to Plaintiff's motion to amend and made no showing that the amendment is in any way prejudicial. Accordingly, Debtor's motion to amend is granted.

The remaining contentions of the IRS in support of its motion to dismiss are: (1) the protections of the automatic stay do not extend to non-debtor third parties; and (2) 26 U.S.C. § 7421 (the "Anti–Injunction Act") deprives the bankruptcy court of jurisdiction to grant the injunctive relief requested by Debtor. Debtor argues that, although neither 11 U.S.C. § 362 nor § 1301 apply by their terms to stay the actions of the IRS, the bankruptcy court may, pursuant to 11 U.S.C. § 105, expand the automatic stay to provide the relief Debtor requests.

Debtor filed the above-referenced case in April, 1990, as a Chapter 7 case. The case was converted to Chapter 13 in May, 1990. Debtor and her husband, David E. Hall, are jointly and severally liable for federal income tax liabilities for the tax years 1988 and 1989 in the amounts of $3,557.28 and $8,941.58. Debtor's husband is not a debtor in bankruptcy court.

Debtor has filed a Chapter 13 plan (the "Plan") which provides for payment in full through the Plan of the tax claims as prior-

ity unsecured debt. On June 18, 1990, the IRS sent a Notice of Intent to Levy to Debtor and her husband. In the above-styled adversary proceeding, Debtor requests that the IRS be restrained and enjoined from any further efforts to collect the joint tax debt from her husband. Debtor alleges that the prosecution by the IRS of a levy against Debtor's husband will seriously impair Debtor's ability to implement her Plan.

Debtor appears to concede that neither 11 U.S.C. § 362 or § 1301 are violated by the IRS's levy. *See, Laughlin v. U.S.*, 912 F.2d 197 (8th Cir.1990); *Pressimone v. IRS*, 39 B.R. 240 (N.D.N.Y.1984). Debtor argues, however, that 11 U.S.C. § 105 empowers this court to expand the automatic stay to enjoin the IRS against a non-debtor.

Debtor relies on *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986) and on *Bostwick v. U.S.*, 521 F.2d 741 (8th Cir. 1975). Neither of those cases, however, is dispositive of the issue before this court. The *Bostwick* case is discussed below. The *A.H. Robins* case did not concern an injunction against the IRS. In the *A.H. Robins* case, the debtor sought to expand the automatic stay to enjoin civil suits against the insurance company and the officers and directors of the debtor during the pendency of the bankruptcy case. The relief sought by the debtor was granted because of the "unusual circumstances" of the case and because all of the parties on whose behalf the injunction was sought would be entitled to absolute indemnity from the debtor.

The power of the bankruptcy court to enjoin creditors from proceeding against non-debtor third parties where such proceedings would adversely affect the debtor's estate or would adversely influence the debtor through those third parties is well-recognized. *See, Otero Mills, Inc. v. Security Bank & Trust*, 25 B.R. 1018 (D. N.M.1982), and its progeny. When a debtor seeks to enjoin the IRS from proceeding against a non-debtor third party, however, a threshhold issue is whether the bankruptcy court is prohibited from issuing an injunction by the Anti–Injunction Act, 26 U.S.C. 7421(a):

Tax.—Except as provided in Sections 621(a) and (c), 6213(a), 6672(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against who such tax was assessed.

The excepted sections do not apply in the instant case.

■ The Anti–Injunction Act is not inartfully drafted. Its meaning is clear and unambiguous. The IRS may not be enjoined from assessing or collecting a tax. Two exceptions to the Anti–Injunction Act, however, have been recognized by the U.S. Supreme Court. The first, announced in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), permits an injunction if the moving party will suffer irreparable harm with no adequate remedy at law and if the moving party can show a *certainty* of success on the merits. "Certainty" means that "under the most liberal view of the law and the facts, the U.S. cannot establish its claim." *Id.* at 7, 82 S.Ct. at 1129. The *Enochs* exception does not apply in the instant case because Debtor does not dispute the amount of the tax liability or that Debtor's spouse is jointly and severally liable for its payment.

■ The second exception was announced in *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). The *Regan* case involved a suit by the state of South Carolina to determine the constitutionality under the Tenth Amendment of an income tax on the income of state obligations. The action was allowed to proceed because "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *Id.* at 373, 104 S.Ct. at 1111. The *Regan* exception does not apply in the instant case because Debtor is not challenging the validity of the tax.

■ Both the exceptions described above are obviously very narrow, evidencing the Supreme Court's restraint of efforts to dilute the potency of the Anti–Injunction Act.

The Supreme Court has not addressed the authority of the bankruptcy court to enjoin the IRS. Most of the cases in which a debtor has sought to enjoin the IRS from proceeding against a non-debtor have involved either the trust fund/responsible person liability under 26 U.S.C. § 6672, where the IRS sought to collect unpaid payroll taxes from a corporate or partnership debtor's principals, or the joint husband/wife liability for federal income tax. In both types of cases, the courts have reached the same decision: the Anti–Injunction Act deprives the bankruptcy court of the power to enjoin the IRS from collection efforts directed against non-debtors.

The *Bostwick* case, upon which Debtor relies, did not concern a non-debtor. The court in *Bostwick* concluded that the complete scheme governing bankruptcy proceedings overrode the general policy represented by the Anti–Injunction Act. 521 F.2d at 744. The broad language of *Bostwick* has been relied upon by other courts to hold that the Anti–Injunction Act is superceded by the Bankruptcy Code. *See, Jon Co., Inc. v. U.S.*, 30 B.R. 831 (D.Col.1983); *A & B Heating and Air Conditioning, Inc. v. U.S.*, 48 B.R. 397 (Bankr.M.D.Fla.), *rev'd*, 57 B.R. 360 (M.D.Fla.1985).

Subsequent decisions in the Eighth Circuit, however, have refused to apply *Bostwick* to cases involving non-debtors. *See, A to Z Welding and Manufacturing Co., Inc. v. U.S.*, 803 F.2d 932 (8th Cir.1986); *Laughlin v. U.S.*, 912 F.2d 197 (8th Cir. 1990). The *A to Z* decision held the Anti–Injunction Act prohibits injunction of the IRS from collecting the 100% responsible person penalty relating to employee withholding taxes from the non-debtor officers of the debtor corporation. In *Laughlin*, the court found it lacked the authority to enjoin the IRS from levy upon funds in the hands of the Chapter 13 Trustee payable from a Chapter 13 estate to a third party.

In Chapter 13 cases which present facts very similar to those in the instant case, relying upon the Anti–Injunction Act, an injunction against the IRS collection of joint federal income taxes from a non-debtor was denied. *Pressimone v. IRS*, 39 B.R. 240 (N.D.N.Y.1984); *In re Rutt*, 98 B.R. 490 (Bankr.D.Neb.1988); *In re Book*, 87 B.R. 54, 55 (Bankr.C.D.Ill.1988); *Harrison v. IRS*, 82 B.R. 557 (Bankr.D.Col.1987). The court in *Pressimone* relied upon the court's rationale in *In re Becker's Motor Transportation, Inc.*, 632 F.2d 242 (3d Cir. 1980), *cert. denied* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). The *Becker* court disagreed with the rationale in the *Bostwick* case, explaining that the policy behind the Bankruptcy Code does not support a judicially created exception to the Anti–Injunction Act. Such an exception must be created by Congress.

As a result of the limitations placed on *Bostwick* by the *A to Z* and *Laughlin* decisions, little or no case law exists to support Debtor's position. Debtor's husband is not entitled to protection from the IRS by the bankruptcy court unless he also chooses to assume the responsibilities of a debtor under Title 11. Accordingly, it is hereby

ORDERED that Debtor's motion to amend is granted. It is further

ORDERED that the motion of the IRS to dismiss is granted.

IT IS SO ORDERED.