**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC L. GILBERT; AUDRA GILBERT, husband and wife, *Plaintiffs-Appellants*, <br><br> v. <br><br> UNITED STATES OF AMERICA; PHILIP K. LEOPARD, as Trustee of Namaca Management Limited, *Defendants-Appellees.* | No. 18-17004 <br><br> D.C. No. 2:17-cv-03762-JJT <br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted February 3, 2021
Phoenix, Arizona

Filed May 20, 2021

Before: William A. Fletcher, Eric D. Miller, and
Danielle J. Hunsaker, Circuit Judges.

Opinion by Judge Hunsaker

# SUMMARY[*]

## Tax

The panel affirmed the district court's dismissal, for lack of jurisdiction, of appellants' action for a declaratory judgment on the effect of the Foreign Investment in Real Property Tax Act and Fixed, Determinable, Annual, or Periodical income rules on a contract to purchase real property from a foreign entity.

The FIRPTA and FDAP require a buyer in taxable transactions with a foreign entity to deduct, withhold, and pay a prescribed amount to the Internal Revenue Service, to ensure that funds to pay the required taxes are collected up front. The Declaratory Judgment Act allows a federal court with jurisdiction to issue a declaration resolving the parties' competing legal rights, except with respect to federal taxes. Appellants sought a declaratory judgment that withholding money, to pay federal taxes, from their agreed purchase price of real property from a foreign entity is not a breach of the real estate contract. The panel affirmed the district court's determination that the Declaratory Judgment Act prohibits courts from entering declaratory judgments related to federal taxation obligations.

The panel addressed appellants' remaining claims in a contemporaneously filed memorandum disposition.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Lauren Elliott Stine (argued) and Julia Wittman, Quarles & Brady LLP, Phoenix, Arizona, for Plaintiffs-Appellants.

Sherra Wong (argued) and Michael J. Haungs, Attorneys, Tax Division; Richard E. Zuckerman, Principal Deputy Assistant Attorney General; United States Department of Justice, Washington, D.C.; for Defendant-Appellee United States of America.

Robert Andrew Rahtz (argued) and Peter Westby, Platt & Westby PC, Phoenix, Arizona, for Defendant-Appellee Philip K. Leopard.

**OPINION**

HUNSAKER, Circuit Judge

Eric and Audra Gilbert contracted to buy real property from Namaca Management Limited (Namaca), a purported foreign entity. After a dispute arose concerning the withholdings required under the Foreign Investment in Real Property Tax Act (FIRPTA) and the Fixed, Determinable, Annual, or Periodical income (FDAP) rules, the Gilberts brought this action seeking a declaratory judgment that, among other things, withholding money from their agreed purchase price to pay the federal taxes required under FIRPTA and the FDAP rules is not a breach of their real estate contract with Namaca.[1] The district court dismissed this claim for lack of jurisdiction because the Declaratory

---

[1] The Gilberts' remaining claims are resolved in a contemporaneously filed memorandum disposition.

Judgment Act prohibits courts from entering declaratory judgments related to federal taxation obligations. We affirm.

## I. BACKGROUND

In July 2014, the Gilberts and Namaca, acting through its trustee Philip K. Leopard, entered a Contract for Deed (Contract) for the sale of a residential property in Peoria, Arizona (Property). The Gilberts agreed to pay $1,200,000 for the Property under the following terms: an initial down payment of $60,000; a lump sum payment of $90,000 by March 2015; 24 monthly payments of $4,750; adjustable monthly payments after the first 24 months; and a final balloon payment in August 2019. Namaca guaranteed that the Property was not currently encumbered and agreed to not take any action that would encumber the Property. But the day after executing the Contract, the Gilberts discovered a federal tax lien had been recorded against the Property for $416,372.05 several months earlier. Thereafter, the parties amended their contract to require Namaca to resolve the title issues "as quickly as possible" and for all title defects to be resolved "prior to or at the time of final conveyance of the Property." Nearly a year and a half later, in November 2015, the federal government recorded a second tax lien against the Property for $283,007.48.

This brings us to the heart of this case. In August 2017, the Gilberts notified Leopard that because Namaca is a foreign entity they were required to withhold a portion of their agreed purchase price under FIRPTA and a portion of their interest payments under the FDAP rules. Leopard disputed that the withholdings were required, claiming "Leopard and Namaca are 'non-resident non-persons' exempt from withholding." But the Gilberts insisted that Namaca was not exempt from the withholdings and advised Leopard that they would "withhold . . . all additional sums

payable under the [Contract] until their withholding obligation under the FDAP rules have been fulfilled." Leopard continued to dispute the withholdings, arguing the Property is not a "US real Property interest" subject to statutory withholding, and that the Gilberts' failure to pay their full payment amount would be a breach of contract.

Ultimately, the Gilberts filed this lawsuit seeking a declaratory judgment that "the withholding of payments to Namaca pursuant to FIRPTA and FDAP did not breach the terms of the [Contract]." Shortly thereafter, Leopard recorded a Notice of Election to Forfeit, accelerating the full unpaid balance on the Contract and giving notice that the Gilberts would forfeit their interest in the Property if they failed to pay by the required deadline. Leopard also moved to dismiss the Gilberts' lawsuit. The district court granted the motion, concluding that it lacked subject matter jurisdiction over the Gilberts' declaratory judgment claim under 28 U.S.C. § 2201 because their requested relief concerned federal taxes. The Gilberts timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

## II.  DISCUSSION

We review a dismissal for lack of subject matter jurisdiction de novo, and we accept the district court's jurisdictional factual findings unless they are clearly erroneous. *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).

As relevant here, FIRPTA and the FDAP rules require the transferee—or buyer—in taxable transactions with a foreign entity to deduct, withhold, and pay a prescribed amount to the Internal Revenue Service (IRS). 26 U.S.C. § 1472; 26 U.S.C. § 1445(a). Congress specifically enacted FIRPTA to prevent foreign investors engaging in real

property transactions in the United States from avoiding United States taxes. Brian S. Masterson, 2 *Tucker on Tax Planning Real Estate Trans.* § 22:3 (updated 2021). The pre-tax withholding requirement ensures that funds to pay the required taxes are collected up front. And the requirement obligates the buyer to facilitate enforcement and collection. 26 C.F.R. 1.1445-1(b); *see also* John R. Wilson, 2 *Transnational Business Transactions* § 10:31 (updated 2020) ("The key to enforcing FDAP taxes is to make one or more U.S. persons (or at least foreign persons over whom the U.S. has effective jurisdiction) responsible and liable for the collection and payment of the taxes."); *id.* § 10:64 (updated 2020) ("FIRPTA contains an elaborate withholding regime to enforce its provisions."). Indeed, the party required to make the withholding is liable for any miscalculation. 26 U.S.C. § 1461; *Del Com. Properties, Inc. v. Comm'r*, 251 F.3d 210, 213 (D.C. Cir. 2001).

Under the Declaratory Judgment Act, a federal court may issue a declaration resolving the parties' competing legal rights "[i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*." 28 U.S.C. § 2201(a) (emphasis added). This exception stems from the "congressional antipathy for premature interference with the assessment or collection of any federal tax." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974). Accordingly, "[i]t is fundamental to tax jurisprudence that declaratory judgments and injunctions are rarely, if ever, granted." *MCA, Inc. v. Am. Broad. Cos., Inc.*, 715 F.2d 475, 476 (9th Cir. 1983) (per curiam).

The Gilberts argue that because the FIRPTA and FDAP withholdings are made *before* the IRS assesses tax liability, *see* 26 U.S.C. § 1445(c)(1)(A); 26 C.F.R. § 1.1445-1(b), the taxation exception does not apply because a declaration

concerning their withholding obligations will not restrain the ultimate assessment of taxes. We disagree.

The Declaratory Judgment Act's bar against resolving matters "with respect to Federal taxes" is not conditioned on a determination of ultimate tax liability. 28 U.S.C. § 2201(a). Moreover, the Declaratory Judgment Act "is coextensive with the Anti-Injunction Act despite the broader language of the former." *Perlowin v. Sassi*, 711 F.2d 910, 911 (9th Cir. 1983) (per curiam); *Bob Jones Univ.*, 416 U.S. at 732 n.7 ("There is no dispute, however, that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act."). The Anti-Injunction Act bars jurisdiction over any claim seeking to "restrain[] the assessment or collection of any tax." 26 U.S.C. § 7421(a). This bar applies even where the IRS has yet to make a final determination of the plaintiff's tax liability. *See Bob Jones Univ.*, 416 U.S. at 738–39 (applying the Anti-Injunction Act to taxpayer's claim that its § 501(c)(3) status was improperly revoked); *Int'l Lotto Fund v. Va. State Lottery Dep't*, 20 F.3d 589, 592 (4th Cir. 1994) ("Courts have found the Anti-Injunction Act to apply in numerous cases where the IRS had yet to make a final determination of the plaintiff's tax liability."). There is no basis to reach a different conclusion under the Declaratory Judgment Act.

Courts clearly lack jurisdiction over claims seeking an injunction or declaration "*against the collection of the tax by withholding.*" *United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 10 (1974) (per curiam) (emphasis added); *see Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1122 (9th Cir. 2016) (refusing to issue declaratory and injunctive relief under the Tax Injunction Act because the "withholding of tax payments from wages constitutes a method of tax 'collection'") (citation omitted). As the Fourth Circuit noted,

there is no "justification for treating withholding from a foreign corporation as anything other than the collection of a tax." *Int'l Lotto Fund*, 20 F.3d at 592. But the Gilberts' requested declaration—that withholding funds as required by FIRPTA and the FDAP rules from the Contract price is not a breach of the Contract—is different. They are not seeking to stop the government from collecting taxes related to the parties' real estate transaction. Quite the opposite. They seek to comply with their asserted FIRPTA and FDAP obligations but in a way that avoids any adverse contractual consequences with Namaca.

Nonetheless, by filing this action and asking the court to declare their tax withholding obligation rather than withholding the required funds and paying them to the IRS and then, if necessary, filing suit against Namaca, the Gilberts are interfering with or restraining the collection of taxes. That they sought to interplead the funds they contend must be withheld pending a declaratory judgment determining whether the IRS or Namaca is entitled to such funds further supports this conclusion. The IRS does not need to await court authorization before it can collect taxes it asserts are owed. *Cf.* 28 U.S.C. 1346(a)(1). Indeed, judicial review of tax-collection disputes is limited to post-payment refund proceedings. *See Flora v. United States*, 362 U.S. 145, 162–63 (1960); *Kent v. N. California Reg'l Office of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1328 (9th Cir. 1974). A pre-payment judicial ruling concerning the parties' FIRPTA and FDAP rights and obligations would be binding on the parties involved in the litigation, thereby undermining standard tax procedures. *See Flora*, 362 U.S. at 164–65; *Kent*, 497 F.3d at 1328 (noting that "allowing interpleader could disrupt the orderly procedures created by Congress for handling tax litigation"). The Supreme Court has recognized that the government's vital interest in securing tax revenues

justifies a "pay-first, litigate-later" system of judicial review. *See Flora*, 362 U.S. at 164 & n.29. The Gilberts' attempt to litigate the existence, or extent, of their withholding obligation before paying withheld funds to the government departs from this longstanding principle. There can be no dispute that the ultimate issue in this case is the parties' tax obligations flowing from their real estate transaction. And even though the Gilberts are not seeking to avoid tax liability, Congress has made clear that the court lacks jurisdiction over their request for declaratory relief. 28 U.S.C. § 2201(a).

## III. CONCLUSION

It is understandable why the Gilberts are seeking clarification of their withholding obligations vis-à-vis their contractual obligations owed to Namaca. As has been observed, the FIRPTA and FDAP withholding requirements can create tension between a foreign entity that wants full payment under the contract, and the transferee, "who does not want to be left 'holding the bag.'" John R. Wilson, 2 *Transnational Business Transactions* § 10:31 (updated 2020). But this tension is not resolved by filing litigation that interferes with the tax-collection process. It is resolved by parties addressing this issue when they negotiate the terms of their transaction. Unfortunately, the Gilberts failed to do this, and they are suffering the consequences of the uncertainty that comes from such failure.

The district court's dismissal of the Gilbert's request for a declaratory judgment that withholding money from their agreed purchase price to pay the taxes allegedly owed under FIRPTA and the FDAP rules is not a breach of their real estate contract is

**AFFIRMED.**