**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULA CONNER, | No. 23-16045 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01746-JAD-VCF |
| v. | |
| UNITED STATES OF AMERICA; C.K. O'NEAL, IRS Officer, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 20, 2024[**]

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Paula Conner appeals pro se from the district court's judgment dismissing

for lack of subject matter jurisdiction her action challenging tax withholding.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hughes v. United*

*States*, 953 F.2d 531, 535 (9th Cir. 1992).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Conner's claims seeking declaratory relief as barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a) (prohibiting actions for declaratory judgment in federal tax cases); *Gilbert v. United States*, 998 F.3d 410, 413 (9th Cir. 2021) (discussing the federal tax exception to the Declaratory Judgment Act).

The district court properly dismissed Conner's damages claims against the United States and O'Neal in his official capacity as barred by sovereign immunity because Conner failed to show that her claims fell within a waiver of sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (stating that the United States is immune from suit unless it has expressly waived its sovereign immunity and that "sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants"); *see also Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (explaining that a plaintiff "may not bring [an] action against the United States under 26 U.S.C. § 7433 without exhausting . . . administrative remedies"); 26 C.F.R. § 301.7433–1(e) (specifying required administrative remedies).

To the extent Conner intended to allege individual capacity claims against O'Neal, the district court properly dismissed the claims because *Bivens* relief is unavailable. *See Adams v. Johnson*, 355 F.3d 1179, 1185-86 (9th Cir. 2004) (explaining that "[b]ecause the Internal Revenue Code gives taxpayers meaningful

protections against government transgressions in tax assessment and collection," taxpayers cannot bring actions for damages against IRS employees in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

The district court did not abuse its discretion by dismissing the complaint without leave to amend and with prejudice. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (setting forth standard of review and explaining that a dismissal with prejudice may be proper where "the bar of sovereign immunity is absolute" and redrafting will not cure the pleading).

We reject as meritless Conner's contentions that the district court had subject matter jurisdiction over her action under 26 U.S.C. §§ 7214 or 7809. We reject as unsupported by the record Conner's contentions that the district court was biased against her.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-16045