**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODNEY OWEN SKURDAL,

           Plaintiff-Appellant,

    v.

UNITED STATES OF AMERICA;
COMMISSIONER OF INTERNAL
REVENUE,

           Defendants-Appellees.

No.    23-35564

D.C. No. 1:22-cv-00092-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 17, 2025[**]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

Rodney Owen Skurdal appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his action challenging Internal Revenue Service ("IRS") tax collection efforts. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Skurdal's request for oral argument, set forth in the opening brief, is denied.

U.S.C. § 1291.  We review de novo.  *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).  We affirm.

The district court properly dismissed Skurdal's claims seeking injunctive relief as barred by the Anti-Injunction Act because the claims are an attempt to restrain the IRS's tax assessment and collection activities, and no exception applies.  *See* 26 U.S.C. § 7421(a) (providing that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" and listing statutory exceptions); *Elias v. Connett*, 908 F.2d 521, 523, 525 (9th Cir. 1990) (explaining that the district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the [Anti-Injunction] Act" and setting forth limited judicial exception).

The district court properly dismissed Skurdal's claims seeking declaratory relief as barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201(a) (prohibiting actions for declaratory judgment in federal tax cases); *Gilbert v. United States*, 998 F.3d 410, 413 (9th Cir. 2021) (discussing this prohibition).

The district court properly dismissed Skurdal's damages claims against the United States as barred by sovereign immunity because Skurdal failed to show that his claims fell within a waiver of sovereign immunity.  *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (stating that the United States is immune from suit unless it has expressly waived its sovereign immunity); *see also* 26 U.S.C.

23-35564

§ 7433(a) (waiving sovereign immunity in certain civil damages actions related to collection of taxes); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (explaining that a plaintiff "may not bring [an] action against the United States under 26 U.S.C. § 7433 without exhausting . . . administrative remedies"); 26 C.F.R. § 301.7433-1(e) (specifying required administrative remedies).

The district court did not abuse its discretion by dismissing the complaint without leave to amend and with prejudice. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (setting forth standard of review and explaining that a dismissal with prejudice may be proper where "the bar of sovereign immunity is absolute" and redrafting will not cure the pleading).

**AFFIRMED.**